**E-FILED**
Wednesday, 14 June, 2006 03:05:54 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

JUN 1 3 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES P. RUFF,                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )       Case No. 05-4011
                                        )
JO ANNE B. BARNHART,                    )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

## O R D E R

This matter is now before the Court on Plaintiff, Charles P. Ruff ("Ruff"), Motion for

Attorney's Fees [#13] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412, as a result of this Court's previous Order granting the Commissioner's request to

remand this case to the ALJ for further elaboration of his reasons for denying Ruff disability

benefits.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United
> States fees and other expenses . . . incurred by that party in
> any civil action . . . brought by or against the United States in
> any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially
> justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner concedes that Ruff is the prevailing

party and that Ruff is entitled to fees; however, the Commissioner objects to the

reasonableness of the fees that Ruff's counsel has submitted.

Ruff's counsel submitted a fee request claiming that he is entitled to $161.23 per

hour for 22.2 hours of time that he spent on this case. The Commissioner argues that Ruff

is not entitled to this fee because the hourly rate is not reasonable. Under the EAJA, attorneys' fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living justifies a higher fee. 42 U.S.C. § 2412. Here, Plaintiff's counsel primarily justifies his higher fee because of a higher cost of living. However, the Commissioner points out that, when determining if the cost of living justifies a higher fee, the EAJA instructs the Court to consider the prevailing market rate in the community as one relevant factor. *Id.* In the instant case, Ruff's attorney states that his normal hourly fee is $135.00 per hour.   Accordingly, the Commissioner argues that the Court should only award Ruff's counsel $135.00 per hour.

The Court agrees, Ruff's counsel regularly charges his clients $135.00 per hour and therefore it is reasonable to assume that this fee incorporates his costs and his profit while taking into account the cost of living in his local area. Accordingly, the Court awards Ruff $135.00 per hour for 22.2 hours for a total of $2997.00 . Further, the Plaintiff is awarded $150.00 from the Judgment Fund for reimbursement of the filing fee.

## CONCLUSION

For the reasons set forth above, Ruff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [#13] is GRANTED.

ENTERED this _13th_ day of June, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 2 -